**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS EUGENE GRAY,<br><br>         Petitioner,<br><br>    v.<br><br>THE PEOPLE,<br><br>         Respondent. | Case No.: 1:22-cv-01284 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 5) |

The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, and found the Petition is successive. (Doc. 5.) The magistrate judge noted Petitioner filed a previous petition in this Court challenging the same sentence imposed by the Tulare County Superior Court, and it was dismissed as untimely and for failure to state a cognizable claim in Case No. 1:21-cv-00595-DAD-JLT. (*Id.* at 2.) In addition, the magistrate judge found "[n]othing in the docket shows that Petitioner obtained an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition." (*Id.*) "Because Petitioner has previously sought relief from this Court for the same conviction and sentence," the magistrate judge found "the instant petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b)." (*Id.* at 3.) Therefore, the magistrate judge determined the "Court has no jurisdiction" to consider the petition, and recommended it be dismissed. (*Id.*)

Petitioner filed objections to the Findings and Recommendations on November 2, 2022. (Doc. 6.) He now argues the Court erred in dismissing his prior petition as untimely and for failure to state a claim (*Id.* at 2-4). He acknowledges the instant petition "challenged the same sentence" as the petition filed in Case No. 1:21-cv-00595-DAD-JLT (*Id.* at 2), and he does not deny that he did not obtain authorization from Ninth Circuit to file a successive petition. (*See generally* Doc. 6.) Thus, Petitioner does not present any argument or evidence that undermines the findings of the magistrate judge.

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and proper analysis. The Court lacks jurisdiction over this petition because it is successive. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Though the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the Petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

2

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 25, 2022 (Doc. 5), are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **March 31, 2023**

UNITED STATES DISTRICT JUDGE

3